**Affirmed and Opinion Filed August 22, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-96-01025-CR

---

## WILLIAM SIMONE HUNTER, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the Criminal District Court No. 4
### Dallas County, Texas
### Trial Court Cause No. F95-74076-NK

---

# OPINION

Before Justices Lagarde, Morris, and Moseley
Opinion By Justice Morris

Following a trial before the court without a jury, William Simone Hunter appeals his conviction for aggravated robbery. In a single point of error, appellant contends the evidence is factually insufficient to support his conviction. Concluding the evidence is factually sufficient, we affirm the trial court's judgment.

## Factual Background

On April 14, 1995, Richard Perkins stopped at a convenience store to buy a

newspaper. As Perkins was getting back into his car, he heard someone behind him say, "Give me your wallet." When Perkins turned around, he saw a thin black man with close cropped hair and a bandanna over his face. The man demanded Perkins's wallet again and, although Perkins was seventy-six years old at the time, he decided to fight the man rather than give him the wallet.

Perkins reached out and grabbed the assailant's bandanna, hit him in the adam's apple, and punched him in the stomach. Perkins testified that when he pulled the bandanna down, he got a good look at the assailant. Perkins further testified that he knew he would know the assailant if he saw him again. The assailant hit Perkins in the shoulder, grabbed a pager off of Perkins's belt, and ran off down the road. Perkins immediately called 911.

The next day, Perkins decided to call his pager number to see if anyone answered. Shortly after Perkins left the page, appellant returned the call, leaving his name and phone number on Perkins's answering machine. Perkins and appellant left each other several messages and finally spoke several days later. Perkins informed appellant that he was using Perkins's pager and that appellant would have to "suffer the consequences." Perkins then gave appellant's name and phone number to the police.

After investigating the information obtained by Perkins, the police put together a photographic line-up for Perkins to examine. Included in the line-up was a picture of appellant. Perkins quickly and without hesitation identified appellant as the man who robbed him.

At trial, appellant called three witnesses in his defense: his best friend, his best

friend's boyfriend, and the boyfriend's aunt. The aunt, Felicia Walker, was employed as a child abuse investigator for the Texas Department of Protective and Regulatory Services. Walker testified she first met appellant the weekend before the date of the offense when she drove appellant, her nephew, and her nephew's girlfriend to the bus station. According to Walker, appellant was going to Louisiana with her nephew to spend the Easter holiday with Walker's family. Walker further stated she joined the family in Louisiana on April 14, the date of the offense, and appellant was there. Walker drove appellant back to Dallas on April 17. Walker's story was corroborated by appellant's other two witnesses who both stated appellant was with them in Louisiana on the day of the offense. The defense submitted into evidence a picture of appellant with members of the Walker family allegedly taken on April 14. The picture itself was undated.

Appellant also testified on his own behalf. Appellant stated he was in Louisiana on the day of the offense. According to appellant, he obtained possession of Perkins's pager by purchasing it from some men outside the convenience store where Perkins had been robbed. Appellant knew the pager was stolen but stated he returned Perkins's phone call because he wanted to find out the pager number in order to be able to use it.

After hearing the evidence, the trial court found appellant guilty of aggravated robbery. Appellant was sentenced to fifteen years' confinement in the state penitentiary and fined $500. This appeal ensued.

## Discussion

In a single point of error, appellant contends the evidence is factually insufficient to

support his conviction. Specifically, appellant challenges the sufficiency of the identification evidence establishing him as the perpetrator.

When analyzing a claim of factual insufficiency, we simply review the evidence in support of and contrary to the trier of fact's findings and determine whether the verdict is so contrary to the great weight of the evidence as to be clearly wrong and unjust. *Scott v. State*, 934 S.W.2d 396, 398-99 (Tex. App.--Dallas 1996, no pet.). We must be mindful that we do not sit as a juror: we do not decide the existence or nonexistence of a vital fact; we do not decide the truth or falsity of proffered evidence; we do not judge the credibility of the witnesses. *Id.* at 399. Furthermore, we may not set aside a finding of guilt for factual insufficiency simply because a different result might be more reasonable. *Id.* If reasonable minds could differ about the conclusions to be drawn from the evidence, we may not reverse the verdict. *Id.*

In this case, appellant essentially challenges Perkins's credibility as an eyewitness and asserts that his alibi witnesses gave more reliable testimony. Such conflicts in the evidence are for the trier of fact to decide. *See De Los Santos v. State*, 918 S.W.2d 565, 569 (Tex. App.--San Antonio 1996, no pet.). Having examined all the evidence under the applicable standard of review, we cannot conclude the evidence produced by the State is so uncertain, inconsistent, improbable, or unbelievable that it would be clearly unjust to allow the conviction to stand. We also cannot conclude the trier of fact's findings are against the great weight of the evidence. Because the trier of fact's findings are supported by factually sufficient evidence, it is unnecessary for us to detail further the evidence relevant to the

-4-

issue. *Scott*, 934 S.W.2d at 399.  We overrule appellant's sole point of error.

We affirm the trial court's judgment.

JOSEPH B. MORRIS
JUSTICE

Do Not Publish
Tex. R. App. P. 90
961025F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

WILLIAM SIMONE HUNTER, Appellant

No. 05-96-01025-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 4 of Dallas County, Texas. (Tr.Ct.No. F95-74076-NK).

Opinion delivered by Justice Morris, Justices Lagarde and Moseley participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 22, 1997.

JOSEPH B. MORRIS
JUSTICE